RONALD CULP AND ROSEMARIE TRENJAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Culp v. Commissioner
Docket No. 13691-91
United States Tax Court
T.C. Memo 1993-270; 1993 Tax Ct. Memo LEXIS 272; 65 T.C.M. (CCH) 2980; June 21, 1993, Filed *272 For petitioners, Robert H. Albert, Sr. For respondent, Roderick H. Fillinger. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was assigned pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654
1985
$ 2,546.23
$ 636.55
$ 145.84
1986
473.32
118.33
- 0 -
1987
3,437.64
- 0 -
- 0 -
Petitioners, husband and wife during the years in issue, timely filed a joint petition with this Court. Petitioners resided in Columbus, Ohio, at the time they filed their petition. After concessions, the sole issue for decision is the percentage of space in petitioners' home that was exclusively devoted to business use. During the years in issue, Ronald *273 Culp (petitioner) was a self-employed printer of legal documents, primarily briefs, filed in various appellate courts. In addition to various machines used to duplicate the documents, petitioner had computer systems for word processing and for reading materials that were submitted on floppy disks. Petitioner's wife worked with him, proofreading the briefs and insuring that they complied with the local court rules. Petitioner operated his business out of their residence, located in a residential area of Columbus, Ohio. The residence is a ranch style home that has a basement level with a garage, a main level, and an attic space. The first level contains a six room finished basement and a garage. Except for a utility area, which contains a water heater, furnace, etc., the entire basement level and garage is devoted exclusively to petitioner's printing business. The utility room occupies 72 square feet and is not devoted exclusively to the business. The basement and garage contain a total of 1,656 square feet. The main floor of the home is divided into 6 rooms and contains 1,128 square feet. Of this space, an area containing 2 rooms measuring 14 by 27 feet (or 378 square feet) *274 is used exclusively for business. The area containing the bathroom, kitchen, and bedroom and access from those rooms to the rest of the house measures 15 by 25 feet (or 375 square feet). This area is not used exclusively for business. A portion of the largest room on this level (normally used as the living room), is used by petitioner to process business mail. This area, which also measures 15 by 25 feet (or 375 square feet), contains the main entrance of the residence and also contains a table that is used for both personal and business matters. Nonetheless, an area comprising half of this room (or 187.5 square feet) is used exclusively for business. The third floor contains an unfinished attic that may be accessed only through a staircase housed in the bedroom closet. The attic has a sloped roof, limited clearance, and limited flooring. Petitioner kept shipping and packaging materials used in the business in the attic. No personal items were stored there. According to the floor plan, the attic contains 1,128 square feet. However, much of this space is inaccessible due to the sloped roof line, lowered ceiling height, and lack of flooring. Section 280A(a) provides as a *275 general rule that no deductions "with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence" shall be allowed. Section 280A(c), however, provides an exception to the general rule to the extent that a portion of the dwelling unit is used "exclusively * * * on a regular basis" as the principal place of business for a trade or business of the taxpayer. Sec. 280A(c)(1)(A). There is no question here that petitioners used substantial portions of the residence exclusively and on a regular basis for business. There is also no question that a portion of the residence was used as petitioners' residence. The question is what proportion of the residence was used exclusively for business. The answer to this involves two factual determinations. We must first establish a methodology for making an allocation. Both parties have based their computations on the square footage of the residence, and we find no reason to do otherwise. Respondent's computation is predicated on the assumption that the residence contains 2,256 square feet, exclusive of the garage and attic. Petitioners contend that the residence contains 3,912 square feet, inclusive *276 of the basement garage, main level, and attic (1,128 square feet). In , affd. , cert. denied , the Court concluded that, for purposes of determining the percentage of space used exclusively for business, only the space that could actually be used should be included in the computation. There we held that some of the attic contained functional space and included such space in computing the square footage of the residence. Most of the attic in this case, however, is inaccessible, either due to the slope of the roof line or the lack of flooring. Nonetheless, some portion of the attic can be and is used for business purposes, and we find that the attic contains 100 square feet of functional space. We also reject respondent's determination that the garage area should be excluded from both the total useable space and the proportion used exclusively for business. We find no basis in law or fact for excluding this space. The space was occupied by two large printing presses and a large paper cutter, both of which *277 were integral parts of petitioner's printing operation. [2] In our view the residence contains 2,884 square feet of usable space. The next question is what portion of the space was used exclusively for business. On their Federal income tax returns, petitioners claimed 94 percent of the residence was used exclusively for business, and respondent determined that only 64 percent of the residence was used exclusively for business. "Exclusive use" is narrowly construed; it means that "the taxpayer must use a specific part of a dwelling unit solely for the purpose of carrying on his trade or business." , quoting *278 S. Rept. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 186; H. Rept. 94-658 (1975), 1976-3 C.B. (Vol. 2) 695, 853. With regard to the lower floor, with the exception of the utility room, we have found that the entire space was exclusively used for business purposes. With regard to the main level of the residence, we have found that 378 square feet, comprised of the bedroom, bathroom, and kitchen and 187.5 square feet of the living room was not used exclusively for business purposes. All of the other space on the main level was used either as an office or a storage space for petitioner's business library that was comprised of various printing and computer books and magazines. [3] Finally, with regard to the attic, we believe that the usable space of 100 square feet was exclusively used in petitioner's business. Of the total usable space available (2,884 square feet), petitioner used 2,249.5 square feet exclusively for business. This constitutes 78 percent of the residence. *279 To reflect our decision and the parties' concessions, Decision will be entered under Rule 155. Footnotes
1. Section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent points out that a lawn mower was also stored in the garage. This may be true, but we believe that whatever space was occupied by the mower was de minimis and does not alter the fact that the garage was used exclusively for business. Cf. .↩
3. Respondent seems to suggest that maintaining these magazines and publications was without the ambit of an ordinary or necessary expense of the taxpayer's business. See sec. 162(a). We have found that it is generally unfruitful to attempt to second guess a taxpayer's business decision as to what expenses are necessary, as long as there is a nexus between the expense and the business.↩